PHILIP D. STERN & ASSOCIATES, LLC
697 Valley Street, Suite 2-D
Maplewood, NJ 07040
(973) 379-7500
Attorney of Record: Philip D. Stern
Attorneys for Plaintiff, Alexander Braurman

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALEXANDER BRAURMAN,<br>                    Plaintiff,<br><br>vs.<br><br>NORTHSTAR LOCATION SERVICES, LLC<br>and JOHN AND JANE DOES NUMBERS 1<br>THROUGH 25,<br>                    Defendant. | Case_____<br><br>**COMPLAINT** |

Plaintiff, ALEXANDER BRAURMAN ("BRAURMAN"), by way of Complaint against the Defendants, says:

## I.  PARTIES

1. BRAURMAN is a natural person.

2. At all times relevant to this complaint, BRAURMAN was a citizen of, and resided in, the Township of Chester, Morris County, New Jersey.

3. At all times relevant to this complaint, NORTHSTAR LOCATION SERVICES, LLC ("NORTHSTAR") is a for-profit Limited Liability Company existing pursuant to the laws of the State of New York. NORTHSTAR maintains its principal business address at 4285 Genesee Street, Cheektowaga, NY 14225 and is registered to do business in the State of New Jersey as a foreign limited liability company, designated by Business ID number 0600212721 with its registered agent and office as  The Corporation Trust Company, 820 Bear Tavern Road,

West Trenton, NJ 08628.

4. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

5. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of NORTHSTAR that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by NORTHSTAR and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II.  JURISDICTION & VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

7. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because Defendant, NORTHSTAR resides in this federal district and all or a substantial part of the events giving rise to Plaintiff's claims occurred within this federal judicial district.

## III.  PRELIMINARY STATEMENT

8. Plaintiff brings this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from Plaintiff. Plaintiff alleges that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA").

9. Such practices include, *inter alia*:

   (a) Leaving telephonic voice messages for consumers and others, which fail to provide meaningful disclosure of NORTHSTAR's identity;

   (b) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

   (c) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

10. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a) - (e).

11. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111n5 (3d Cir. 1991).

12. To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of

which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. §1692d(6).

13. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. §1692e(11).

14. Plaintiff seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, and all other common law or statutory regimes.

## IV. FACTS CONCERNING PLAINTIFF

15. Sometime prior to May 7, 2009, BRAURMAN allegedly incurred a financial obligation to Bank of America ("Bank of America Obligation").

16. Defendants contend that BRAURMAN defaulted on the Bank of America Obligation.

17. On information and belief, BRAURMAN understands that the Bank of America Obligation arose from a credit card account originally opened with MBNA America Bank, N.A. which account was subsequently acquired by Bank of America, N.A. If so, that account was only

used for BRAURMAN's personal matters and never used in connection with any business.

18. The Bank of America Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

19. BRAURMAN is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

20. Sometime prior to May 7, 2009, the Bank of America Obligation was either directly or through intermediate transactions assigned, placed, or transferred to NORTHSTAR for collection. [The foregoing factual contention is made on belief after inquiry that it will likely have evidentiary support after a reasonable opportunity for further investigation or Bank of America.]

21. NORTHSTAR is a company that collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

22. NORTHSTAR is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. §1692a(6).

23. Within the one year immediately preceding the filing of this complaint, NORTHSTAR contacted BRAURMAN via telephone in an attempt to collect the Bank of America Obligation.

24. Within the one year immediately preceding the filing of this complaint, NORTHSTAR placed telephone calls to BRAURMAN and left telephonic voice messages ("Braurman Messages") on his telephone voicemail system in an attempt to collect the Bank of America Obligation.

25. The following is a transcription of two Braurman Messages that NORTHSTAR left for BRAURMAN on June 9, 2009 at the times indicated below in brackets:

> This message is for Alexander Braurman. My name is Andrew Johnson. I'm calling with Northstar companies. It is imperative, sir, that I speak with you. Please return my call promptly. My toll free number is 1-866-677-2569. My direct extension is 231. [9:04 AM]
>
> This message is for Alexander Braurman. My name is Andrew. I'm with Northstar companies. I have important business here in the office to address with you. Uhh, please return this call at your earliest convenience – this is time sensitive. My number's 1-866-677-2569. My direct extension is 231. If you can't get back to me within a timely fashion, please have your attorney address this important call. [9:06 AM]

26. Each of the Braurman Messages was left for Plaintiff in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

27. Each of the Braurman Messages is a "communication" as defined by 15 U.S.C. §1692a(2).

28. Each of the Braurman Messages failed to meaningfully identify NORTHSTAR as the caller in that the Messages failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

29. Each of the Braurman Messages failed to disclose that the communication was from a debt collector.

30. At the time BRAURMAN received the Braurman Messages, the least sophisticated consumer would not know that the calls were from a debt collector.

31. At the time BRAURMAN received the Braurman Messages, the least sophisticated consumer would not know that the calls were made in an attempt to collect a debt.

32. At the time BRAURMAN received the Braurman Messages, the least sophisticated consumer would not know that the calls concerned the collection of a debt.

33. NORTHSTAR's act of leaving the Braurman Messages is conduct the natural

consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

34. NORTHSTAR's act of leaving the Braurman Messages constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

35. The FDCPA secures the consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and that NORTHSTAR is a debt collector in a manner understandable to the least sophisticated consumer, NORTHSTAR has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## V.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

36. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

37. Defendants violated the FDCPA. Defendants' violations with respect to the Braurman Messages include, but are not limited to, the following:

(a) Placing telephone calls without providing meaningful disclosure of NORTHSTAR's identity as the caller by failing to state the nature or purpose of the call in violation of 15 U.S.C. §1692d(6); and

(b) Failing to disclose in all oral communications that NORTHSTAR is a debt collector in violation of 15 U.S.C. §1692e(11).

## VI.  PRAYER FOR RELIEF

38. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her

favor as follows:

    (i)    An award of the maximum statutory damages for Plaintiff pursuant to 15 U.S.C. §1692k(a)(2);

    (ii)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(B)(3); and

    (iii)    For such other and further relief as may be just and proper.

    Philip D. Stern & Associates, LLC
Attorneys for Plaintiff, Alexander Braurman
*s/Philip D. Stern*
Philip D. Stern

Dated: June 8, 2010